IN THE SUPREME COURT OF THE STATE OF DELAWARE

CARLOS D. JACKSON, § 
§ No. 203, 2025
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0107004921A (S)
STATE OF DELAWARE, §
§
Appellee. §
§

Submitted: July 3, 2025
Decided: September 17, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

**ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     Carlos D. Jackson appeals the Superior Court's denial of his motion for the correction of an alleged clerical error in his May 24, 2002 sentence order. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jackson's opening brief that his appeal is without merit. We agree and affirm.

(2)     In 2002, a Superior Court jury found Jackson guilty of one count of second-degree rape, two counts of possession of a firearm during the commission of a felony, one count of second-degree assault, one count of aggravated menacing, one

count of first-degree unlawful imprisonment, two counts of second-degree conspiracy, one count of misdemeanor theft, and one count of resisting arrest. Following a presentence investigation, the Superior Court sentenced Jackson to an aggregate of 33 years of unsuspended incarceration followed by decreasing levels of community supervision. We affirmed Jackson's convictions on direct appeal.[1]

(3) In June 2024, Jackson moved for modification or reduction of his sentence, arguing that exceptional circumstances justified his late filing,[2] including that: (i) the Department of Correction (DOC) will never petition for his early release under 11 *Del. C.* § 4217 because DOC policy excludes Tier 3 sex offenders from consideration; (ii) because of the nature of the conduct that led to Jackson's rape conviction, he does not suffer from the same high likelihood of reoffending as other sex offenders; and (iii) his rehabilitative efforts, when considered together with the length of time that he has been incarcerated, warrant a reduction of sentence. On April 7, 2025—almost one year later, and before the Superior Court ruled on his motion for sentence modification—Jackson filed a letter captioned "Clerical Error," claiming that he was sentenced to 28 years of prison (not 33 years) and enclosing this Court's decision affirming his convictions as evidence of this alleged error. The

---

[1] *Jackson v. State*, 2002 WL 31728746 (Del. Dec. 2, 2002).

[2] Del. Super. Ct. Crim. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

Superior Court deemed Jackson's letter to be a motion for sentence modification and denied it, finding that Jackson is required to serve 33 years in prison. This appeal followed.

(4) On appeal, Jackson argues that the Superior Court erred when it (i) considered his motion under Superior Court Criminal Rule 35, which governs motions for the modification and correction of sentences, instead of Superior Court Criminal Rule 36, which governs the correction of clerical errors;[3] and (ii) rejected his argument that there was a clerical error in the DOC database. Jackson asks us, in the event that we disagree with his claim of error, to remand the matter to allow the Superior Court to consider the merits of his motion for sentence modification filed in June 2024 because he is prohibited by Rule 35 from filing another motion for sentence modification.

(5) In support of Jackson's argument that there is a clerical error in the DOC database he cites this Court's summary of his sentence, which we incorrectly described as being suspended after 28 years.[4] We regret the error. Unfortunately for Jackson, the record is clear: the Superior Court sentenced him to a 33-year term

---

[3] Del. Super. Crim. R. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").

[4] *Jackson*, 2002 WL 31728746, at *1 ("After a presentence investigation, Jackson was sentenced to fifty-four years at Level V, suspended after serving twenty-eight years, for six months at Level IV Work Release, followed by twenty-five years and six months of probation.").

of unsuspended incarceration.[5]  Accordingly, we affirm the Superior Court's denial of Jackson's motion, albeit on the independent and alternative basis that it lacked merit under Rule 36.[6]

(6)    Although we affirm the Superior Court's judgment, we nevertheless agree with Jackson that the proper course of action is to remand the matter to permit the Superior Court to consider the merits of Jackson's motion for sentence modification. To do otherwise would, as Jackson notes, preclude him from moving for sentence modification in the future because Rule 35 does not allow the court to consider repetitive requests for modification[7]—even though it appears that the court did not consider the merits of Jackson's motion filed in June 2024.

---

[5] State's Mot. to Affirm, Ex. B.

[6] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a lower court's judgment on the basis of a different rationale than that which was articulated by the trial court).

[7] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016) ("Rule 35(b) does not set forth any exception to the repetitive motion bar.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED. The matter is remanded to the Superior Court for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice